**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| HERANOSH KHOSHABA, | Case No. 08-CV-2766 |
|             Plaintiff, | Judge Joan B. Gottschall |
|   v. | Magistrate Judge Maria Valdez |
| FILTRONA EXTRUSION USA, INC. | |
|             Defendant. | **ANSWER TO COMPLAINT** |

For its Answer to the Complaint of Plaintiff Heranosh Khoshaba ("Plaintiff") in the above-captioned action ("Complaint"), Defendant Filtrona Extrusion USA, Inc. ("Defendant" or "Filtrona") denies each and every allegation in Plaintiff's Complaint except as explicitly admitted herein and further states:

## NATURE OF THE ACTION

1.    Filtrona denies the allegations contained in Paragraph 1 of the Complaint except to admit that Plaintiff purports to bring claims under the Illinois Workers' Compensation Act ("the Act"). Filtrona further denies that Plaintiff has any viable claim(s) against Defendant.

## THE PARTIES

2.    Filtrona states that it lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 2 of the Complaint, and therefore denies the same.

3.    In response to the allegations in Paragraph 3 of the Complaint, Filtrona admits that it is incorporated under the laws of Virginia and that it does business in Cook County, Illinois. Filtrona further states that its principal place of business is Atlanta, Georgia.

## JURISDICTION AND VENUE

4.      In response to the allegations in Paragraph 4 of the Complaint, Filtrona admits that Plaintiff purports to assert that the Circuit Court of Cook County, Illinois, has personal jurisdiction over Filtrona.

5.      In response to the allegations in Paragraph 5 of the Complaint, Filtrona admits that Plaintiff purports to assert that venue is proper in Cook County.  Filtrona denies that it is a resident of Cook County, Illinois.  Filtrona is incorporated under the laws of Virginia and has its principal place of business in Atlanta, Georgia, and therefore, is a resident of Virginia and Georgia.

## FACTS AND LEGAL CLAIMS

6.      In response to the allegations in Paragraph 6 of the Complaint, Filtrona admits that Plaintiff became one of its employees on or about January 19, 1999, and that her employment was terminated by Filtrona on or about May 17, 2006.  Filtrona states that at the time her employment ended, Plaintiff's position was Production Inspector.

7.      In response to the allegations in Paragraph 7 of the Complaint, Filtrona admits that Plaintiff alleged that she sustained a work-related injury to her right shoulder on or about September 3, 2003.

8.      Filtrona states that it lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 8 of the Complaint, and therefore denies the same.

9.      Filtrona denies the allegations contained in Paragraph 9 of the Complaint except to admit that Plaintiff initiated a claim against Filtrona with the Illinois Industrial Commission, Case No. 05 WC 22440.

10.      Filtrona admits the allegations contained in Paragraph 10 of the Complaint.

11.    Filtrona denies the allegations contained in Paragraph 11 of the Complaint except to state that Plaintiff's allegation that she "enjoyed a good relationship with Filtrona management and Human Resources personnel" prior to August of 2005 is too vague either to admit or deny.

12.    Filtrona denies the allegations contained in Paragraph 12 of the Complaint except to admit that Plaintiff's case with the Illinois Industrial Commission remained open when Plaintiff returned to work in or about August, 2005.

13.    Filtrona denies the allegations contained in Paragraph 13 of the Complaint.

14.    In response to the allegations in Paragraph 14 of the Complaint, Filtrona admits that on or about May 17, 2006, Plaintiff shot a staple into one of her fingers while stapling boxes and that after being treated for the injury, Plaintiff returned to work. Filtrona further states that it lacks sufficient information or knowledge to admit or deny Plaintiff's allegation that "a box that she was stapling slipped," and therefore denies the same. In addition, Filtrona states that at the time of the injury, Plaintiff did not claim that the injury was a result of a box that she was stapling "slipping."

15.    In response to the allegations in Paragraph 15 of the Complaint, Filtrona admits that when Plaintiff returned to work on or about May 17, 2006, after being treated for the injury, Plaintiff's supervisor instructed Plaintiff that they had to go the Human Resources office. Filtrona further admits that Plaintiff was terminated on or about May 17, 2006, for violation of Filtrona's safety rules.

16.    Filtrona denies the allegations in Paragraph 16 of the Complaint, except to state that there were other Filtrona employees who had accidents at work, some of whom received benefits under the Act and some who did not, who were not discharged. Filtrona further states that there are other Filtrona employees who sought workers' compensation benefits but were not

terminated.  In addition, Filtrona states that there are other Filtrona employees who did not seek workers' compensation benefits, but who were terminated for violating company safety rules.

17.    Filtrona denies the allegations in Paragraph 17 of the Complaint.

18.    Filtrona denies the allegations in Paragraph 18 of the Complaint.

## ADDITIONAL DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to allege facts sufficient to state any cause of action against Defendant.

### SECOND DEFENSE

Plaintiff's injuries, if any, were caused by her own conduct or the actions of other persons or entities, not by action or omission of Defendant or any of Defendant's employees or agents.

### THIRD DEFENSE

All actions taken by Defendant were justified.

### FOURTH DEFENSE

All actions taken by Defendant were in good faith.

### FIFTH DEFENSE

All actions taken by Defendant were a proper exercise of its rights.

### SIXTH DEFENSE

All actions taken by Defendant were without bias, ill will or malice.

### SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by various equitable doctrines, including without limitation, the doctrine of estoppel, laches, unclean hands, and/or waiver.

**EIGHTH DEFENSE**

Plaintiff unreasonably failed to take advantage of appropriate opportunities to prevent, mitigate, accommodate, and/or correct any damages, harmful conduct, problem, or complaint.

**NINTH DEFENSE**

Any and all actions of Defendant were undertaken for legitimate business purposes and without discriminatory or unlawful purpose or motive.

**TENTH DEFENSE**

Plaintiff unreasonably failed to avoid harm and/or mitigate her damages.

**ELEVENTH DEFENSE**

Defendant denies any involvement in any unlawful actions or discrimination towards Plaintiff, but in any event, regardless of any action or inaction by Defendant, the actions and decisions affecting Plaintiff still would have been the same.

**TWELFTH DEFENSE**

Any damage, loss, or injury Plaintiff may have suffered was not caused by or attributable to Defendant.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred by accord and satisfaction and compromise and settlement, including, without limitation, by the Illinois Workers' Compensation Commission Settlement Contract Lump Sum Petition and Order on or about November 12, 2007, which Petition and Order bars all of Plaintiff's claims against Defendant in this lawsuit.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred in whole or in part by collateral estoppel and res judicata.

WHEREFORE, Defendant Filtrona Extrusion USA, Inc. prays for judgment as follows:

1.      Dismissing Plaintiff's Complaint in its entirety with prejudice;

2.      Denying all relief sought by Plaintiff;

4.      Awarding Defendant its expenses, costs, and attorneys fees;

5.      Granting Defendant such other and further relief as is just and proper.

DATED this 19th day of May, 2008          EIMER STAHL KLEVORN & SOLBERG LLP


By  /s/ Andrew G. Klevorn_____
      Andrew G. Klevorn
      Michael B. MacKenzie
Eimer Stahl Klevorn & Solberg LLP
224 S. Michigan Avenue
Suite 1100
Chicago, IL  60604
(312) 660-7600 (Telephone)
(312) 692-1718 (Facsimile)
aklevorn@eimerstahl.com
mmackenzie@eimerstahl.com

And

DORSEY & WHITNEY LLP
      Joseph W. Hammell (*pro hac vice*
admission pending)
      Jessie A. Collings (*pro hac vice*
admission pending)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone:  (612) 340-7897
Facsimile:  (612) 340-2868

     I hereby certify that on May 19th, 2008, I electronically transmitted the foregoing **FILTRONA EXTRUSION USA, INC. ANSWER TO COMPLAINT** to the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to the following:


Terence J. Moran, Esq. (tmoran@hsplegal.com)
Hughes Socol Piers Resnick & Dynn, Ltd.
70 West Madison Street, Suite 4000
Chicago, Illinois 60602

Attorney for Heranosh Khoshaba


                                  /s/ Andrew G. Klevorn